### Dominic Aimo v. The People of the State of Illinois.

1. ELECTION ACT—*section 79 construed.* This section, prohibiting the sale of intoxicating liquors on election days, states three distinct offenses, and therefore an information thereunder need not allege the selling of liquor at retail.

2. ELECTION ACT—" *day* " *as used in, defined.* The word " day " as used in section 79 of the Election Law, includes as well the hours before the opening and after the closing of the polls as those during which the same are open.

Prosecution for violation of Section 79 of Election Statute. Error to to the County Court of Jackson County; the Hon. W. F. ELLIS, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

McElvain & Glenn, for plaintiff in error.

John Venable, State's Attorney, for defendant in error; James H. Martin, of counsel.

Mr. Justice Creighton delivered the opinion of the court.

This was an information filed in the County Court of Jackson County, by the State's Attorney, against plaintiff in error, charging him with a violation of section 79 of the Election Statute. Trial by jury. Verdict, guilty. Fine $25 and costs.

The statute is as follows:

"Sec. 79. No spirituous, malt, vinous or intoxicating liquor shall be sold or given away at retail, nor shall any saloon or bar room, or place where such liquor is sold or given away, be open on any general or special election day within one mile of the place of holding an election. Whoever violates the provisions of this section shall be fined in a sum not less than $25 nor more than $100."

The undisputed evidence conclusively establishes the facts, that plaintiff in error was engaged in the business of keeping a saloon, that on the day of the last presidential election, between the hours of seven and nine o'clock in the evening, he had his saloon open and was "doing business," was selling intoxicating liquor at retail, and that his saloon was within 200 feet of the polling place at the Court House. The evidence establishes the further fact, that plaintiff in error kept his saloon closed at all times during the day, until after the polls of the election were closed.

Counsel for plaintiff in error contend that the information is not sufficient, in this, that it does not aver that plaintiff in error's saloon was a place where intoxicating liquors were sold or given away "at retail," and therefore the trial court should have quashed the information. In this contention we cannot agree with counsel. The section of the statute embraces three distinct offenses, and the portion of the information disclosed in the abstract fully charges one of them.

The only remaining question worthy of any consideration here, is as to the meaning of the word "day." Counsel for plaintiff in error insist that the word " day," as used in this statute, includes only the hours during which the polls were open, and that it does not include any part of the day either prior to the opening or after the closing of the polls. In this we cannot agree with counsel.

"Where a statute prohibits selling, or keeping open on election days, such prohibition applies to the whole day of twenty-four hours, on which the election is held, without regard to the hours of the day during which the polls are by law required to be kept open." McClain on Criminal Law, vol. 2, page 440, section 1265. In the following cases similar election statutes to ours have been construed in accordance with the text above quoted: Schuck v. State, 50 Ohio State, 493; Commonwealth v. Murphy, 95 Kentucky, 38; Lawrence v. State, 7 Texas Court of Appeals, 192. "The word 'day' means the natural day of twenty-four hours, commencing and terminating at midnight, and it cannot be understood as denoting only the hours during which the polls were open." Janks and Newman v. State, 29 Texas Court of Appeals, 233; Jones v. State, 32 Texas Criminal Reports, 533. We find no text or case holding otherwise than as above quoted.

The judgment of the County Court is affirmed.

*Affirmed.*